UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-411-1(3)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN CONDON PETERS | ) |

**RESTRAINING ORDER**

This matter is before this Court on the Motion of the United States of America for entry of a Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A).

It appearing to the Court that the information provided under seal by the Government and the Grand Jury's finding of probable cause supporting the Indictment establishes a substantial probability that the Government will prevail on the issue of forfeiture of the specific assets of STEPHEN PETERS, AMY PETERS, VISIONQUEST WEALTH LLC, VISIONQUEST WEALTH MANAGEMENT LLC, AND VISIONQUEST CAPITAL LLC ("the parties"), that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture, and that the need to preserve the property for forfeiture through entry of this order outweighs the hardship on

1

any party against whom the order is to be entered, it is, therefore:

ORDERED AND DECREED:

That effective immediately, STEPHEN PETERS and the various business entities in whose name his property is held, as well as individuals, partnerships, and other business entities, their agents, servants, employees, attorneys, family members (including but not limited to Amy Peters), and those persons in active concert or participation with them, and any person or entity receiving or holding property from or for them ("the parties"), be and are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability, or value of said property, tangible or intangible, including, but not limited to, spending, selling, transferring, assigning, encumbering, or otherwise attempting or completing any action that would affect or diminish the marketability or value of the following real or personal property:

i. All funds, monies, and other things of value located in business account #5200822538 in the name of VisionQuest Capital, LLC at Branch Banking and Trust (BB&T), Raleigh, North Carolina;

ii. All funds, monies, and other things of value located in

the business accounts #5200802618 and #5200802596 in the name of VQ Wealth, LLC at Branch Banking and Trust (BB&T), Raleigh, North Carolina;

iii. All funds, monies, and other things of value located in the business account #5200822511 in the name of VisionQuest Wealth Management, LLC at Branch Banking and Trust (BB&T), Raleigh, North Carolina;

iv. All funds, monies, and other things of value located in personal account #1010131401732 in the name of STEPHEN PETERS and AMY PETERS at Wells Fargo Bank, N.A., Raleigh, North Carolina; and

v. Real property, together with buildings and fixtures of STEPHEN PETERS and AMY PETERS located at 5237 Theys Road, Raleigh, North Carolina 27606 and deeded in the name of Harris-Peters, LLC, 112 E. Hargett Street, Suite B, Raleigh, North Carolina 27601, STEPHEN PETERS, Manager, as more specifically described in a deed of trust recorded in Wake County, North Carolina, on June 25, 2014, Book 015700, Page 01203-01213;

vi. Vacation home and rental property owned by and deeded in the names of STEPHEN CONDON PETERS and AMY MARIE PETERS, also identified as "AMY MARIE PATERS," the property also identified as "Casa de la Amada Princesa" or "The House of the Beloved Princess," located in Coco Bay, Costa Rica within the gated community of Coco Bay Estates (Lot 61), and further identified as Costa Rica Entity #3-102-657027 and Costa Rica Entity #3-102-493198;

vii. All funds, monies, and other things of value located in account #237025965236 in the name of WHISPERING HOPE FARM, LLC at Bank of America, Raleigh, North Carolina;

viii. All funds, monies, and other things of value located in account #237025688254 in the name of HARRIS-PETERS, LLC at Bank of America, Raleigh, North Carolina;

ix. A 2014 All Terrain vehicle;

x. A Horse named "Cartagena," also known as "Carty," described as a Welsh X mare, white in color, boarded at Whispering Hope Stables;

xi. A Horse named "Princess," brown in color; and

xii. A 2014 Cadillac Escalade, VIN #1GYS4DEF8ER244302, titled to Stephen Condon Peters.

IT IS FURTHER ORDERED that, in the event that the parties, or any third party holding or controlling property for the parties, desire to transfer, convey, liquidate, or encumber any such property, and, if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the United States. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property, and such funds shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS FURTHER ORDERED that, if any of the above-described property has been transferred or disposed of by any means (except for property seized by, or transferred or relinquished to the United States), the parties, or any person involved in the transfer or disposition of such property for or on behalf of the parties, shall account to the Court and the United States for the disposition and location of the property. Further, this Restraining Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the government any changes on the accounts, and by responding promptly to requests by the government for information on the account's current status and records. Any financial institution having a lien on any property listed in this Order shall likewise provide to the United States Attorney's Office

information regarding payments and the balance on loans secured by property listed in this Order.

IT IS FURTHER ORDERED that the United States, or the subjects of this Order, may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property, provided that the United States Department of the Treasury or United States Department of Justice, in their sole discretion, may release any property from this restraint which it determines has a value of less than $5000.00.

IT IS FURTHER ORDERED that the terms of this Restraining Order shall remain in full force and effect until the conclusion of all criminal proceedings or until further order of this Court.

The United States shall serve this Order on all parties which may be affected by it, making prompt return of same to the Court.

SO ORDERED this __21__ day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE