IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-411-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEPHEN CONDON PETERS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 23, 2018, Stephen Condon Peters ("Peters") moved to compel the United States to intervene in, and to stay the foreclosure proceedings that Distressed Asset Solutions, LLC instituted in Wake County Superior Court against the property located at 5237 Theys Road, Raleigh, North Carolina (the "property"), and for an expedited ruling in light of a foreclosure hearing scheduled for May 30, 2018 [D.E. 35, 36]. On May 25, 2018, the court directed the United States to respond to the motion to compel by June 1, 2018 [D.E. 39]. On June 1, 2018, the United States responded in opposition to the motion to compel [D.E. 42], and moved, in the alterative, for an interlocutory sale under Federal Rule of Criminal Procedure 32.2(b)(7) and Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure [D.E. 40, 41, 42]. As explained below, the court denies Peters's motion to compel and denies as moot the government's motion for an interlocutory sale.

On March 27, 2018, the court entered an amended restraining order under 21 U.S.C. 853(e)(1)(A) (the "restraining order"). See [D.E. 28]. Section 853(e)(1)(A) authorizes a pre-trial restraint of assets that are subject to forfeiture upon the filing of an indictment, if such assets would be subject to forfeiture in the event of a conviction. See 21 U.S.C. § 853(e)(1)(A); United States v. Park, 825 F. Supp. 2d 644, 646 (D. Md. 2011); United States v. Wingerter, 369 F. Supp. 2d 799, 806 n.10 (E.D. Va. 2005). The restraining order prohibits certain parties from taking actions that

might affect the availability, marketability, or value of the property. Specifically, the parties bound by the restraining order are

> STEPHEN PETERS and the various business entities in whose name his property is held, as well as individuals, partnerships, and other business entities, their agents, servants, employees, attorneys, family members (including but not limited to Amy Peters), and those persons in active concert or participation with them, and any person or entity receiving or holding property from or for them[.]

[D.E. 28] 2.

On February 14, 2018, Distressed Asset Solutions, LLC ("DAS"), owner of the property's mortgage, filed a notice of foreclosure hearing concerning the property. See [D.E. 36] 8.[1] On March 16, 2018, the government informed DAS's counsel that it consented to the pending foreclosure provided that any surplus sale proceeds are deposited in an escrow account as required by the restraining order. See [D.E. 36-15] 2; see also [D.E. 36-16].

In support of his motion to compel, Peters argues that the foreclosure sale violates the restraining order and 21 U.S.C. § 853(k). See [D.E. 36] 11–12. Section 853(k) provides in pertinent part

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k). Peters argues that if he is convicted, "through operation of the relation back doctrine title [to the property] would have already vested in the United States at the time of the foreclosure." [D.E. 36] 12; see 21 U.S.C. § 853(c) ("All right, title, and interest in property

---

[1] Eric and Sharon Harris own DAS. See [D.E. 36] 7 n.2. Eric and Sharon Harris also own 35% of Harris-Peters, LLC, a South Dakota limited liability company, that Eric and Sharon Harris and Stephen and Amy Peters formed in 2012 to acquire the property. See id. at 2–6. In approximately October 2017, DAS acquired the mortgage from BB&T after BB&T gave notice of acceleration of its loan and before the grand jury indicted Peters. See id. at 7.

2

described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section."). Peters then argues that section 853(k) makes the United States the real party in interest, and the foreclosure action constitutes an action against the United States.

A foreclosure sale typically is "an action at law or equity against the United States" prohibited by section 853(k). See United States v. MacInnes, 223 F. App'x 549, 553–54 (9th Cir. 2007) (per curiam) (unpublished); United States v. Phillips, 185 F.3d 183, 188 (4th Cir. 1999); Marzouca v. GFG Realty Fund, LLC, No. 7:12–cv–00062–GRA, 2012 WL 910010, at *2 (D.S.C. Mar. 16, 2012) (unpublished). Peters's reliance on section 853(k), however, is misplaced. Section 853(k) relieves "the Government of the burden of having to defend the forfeiture against third party claims during an ongoing prosecution." United States v. Abrahams, No. 12–cr–0639–JFM, 2013 WL 285719, at *2 (D. Md. Jan. 24, 2013) (unpublished). Here, the United States is not being forced to defend the property's forfeitability against DAS. Rather, the restraining order provides that

> [I]n the event that the parties, or any third party holding or controlling property for the parties, desire to transfer, convey, liquidate, or encumber any such property, and, if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the United States. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property, and such funds shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

[D.E. 28] 4. As contemplated by the restraining order, the United States has consented to DAS's sale of the property. Such consent releases the property from the restraints imposed by the restraining order. Accordingly, the foreclosure sale is not "an action at law or equity against the United States concerning the validity" of DAS's interest in the property. See In re Seizure of Four (4) DC-3 Aircract, 134 F.R.D. 251, 253–54 (E.D. Wisc. 1991).

3

Finally, Peters has failed to cite any statute that would provide him the requested relief or any statute that requires the court to compel the government to intervene in the foreclosure proceeding. To the extent Peters argues that he would suffer harm from the sale of the property, his argument fails because "the government could ultimately reimburse [Peters] for any value of real property improperly forfeited" if he is found not guilty. United States v. Smith, No. 3:08–cr–31–JMH, 2010 WL 4962917, at *2 (E.D. Ky. Dec. 1, 2010) (unpublished). To the extent Peters argues that the foreclosure proceeding threatens the interests of the alleged victims, or any other third party, see [D.E. 36] 15, Peters lacks standing to bring a challenge on behalf of any third party under section 853. See United States v. Bank, No. 2:17-cr-126, 2018 WL 1972701, at *4 (E.D. Va. Apr. 26, 2018) (unpublished); United States v. Conner, 603 F. Supp. 2d 890, 897 (W.D. Va. 2009).

In sum, Peters's motion to compel [D.E. 35] is DENIED, and the government's alternative motion [D.E. 40] is DENIED as moot. Peters and DAS may continue to litigate in the foreclosure proceeding in state court.

SO ORDERED. This _8_ day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

4