| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 18 CVS 1646 |

| ERIC W. HARRIS & SHARON K. HARRIS, individually and derivatively on behalf of HARRIS-PETERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN C. PETERS and HARRIS-PETERS, LLC, <br><br> Defendants. | ORDER LIFTING STAY FOR A LIMITED PURPOSE AND GRANTING PLAINTIFFS' RENEWED EMERGENCY MOTION FOR THE APPOINTMENT OF A RECEIVER |
| --- | --- |

This matter is before the Court on the *Renewed Emergency Motion For The Appointment of a Receiver* of filed by Plaintiffs Eric W. Harris and Sharon K. Harris. ("Motion", ECF No. 40.) The parties have consented to expedited ruling on the Motion without a hearing. (Defs.' Joint Resp. to Mot., ECF No. 42.)

Based on all competent matters of record, including the Motion, the pleadings, affidavits, and other matters of record, the applicable law, and the arguments and positions of counsel, the Court hereby makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. Plaintiffs are spouses and the former clients of investment advisor and Defendant Stephen C. Peters.

2. Plaintiffs jointly own a 35% minority membership interest in Harris-Peters, LLC.

**EXHIBIT C**

3. Harris-Peters, LLC is the record owner of an approximately 93-acre farm located in Wake County (the "Property").

4. The Property was divided into two parcels, and from 2012 until June of 2019, Mr. Peters and his family lived on one parcel and the Harrises lived on another parcel located on the Property.

5. From Harris-Peters, LLC's formation until the present time, Defendant Stephen C. Peters has been the sole manager of that entity pursuant to its Operating Agreement and relevant law.

6. On June 6, 2019, a federal jury convicted Peters in *United States v. Peters*, No. 5-17-CR-411-D, CM/ECF Dkt. No. 57 (E.D.N.C. Oct. 18, 2018).

7. On June 12, 2019, the United States moved for a preliminary order of forfeiture of all property identified by the jury as forfeitable to the United States. On June 21, 2019, Judge Dever entered a Preliminary Order of Forfeiture (the "Forfeiture Order"), finding that all property identified in the order—including the Property—was forfeitable to the United States.

8. Consistent with federal statutes and rules governing forfeiture proceedings, the Forfeiture Order provides that any third-party interests in the Property (such as Harris-Peters, LLC's or Plaintiffs') shall be adjudicated pursuant to an ancillary proceeding. Specifically, the Preliminary Order of Forfeiture states:

> Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier.

2

> The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.
>
> ...
>
> [U]pon adjudication of all third party interests this Court will enter a Final Order of Forfeiture as required by Fed. R. Crim. P. 32.2(c)(2).

Forfeiture Order at 8 & 9.

9. Mr. Peters is unable to carry out his duties as manager, including taking action on behalf of Harris-Peters, LLC in response to the Forfeiture Order.

## **CONCLUSIONS OF LAW**

1. This case presents unique circumstances due to the incarceration of the manager of Harris-Peters, LLC.

2. The Court finds on these unique facts that there is a pressing need for a receiver to be appointed in relation to the Property given that Peters is unable to act on behalf of Harris-Peters, LLC given his incarceration, and given that Harris-Peters, LLC stands to lose all of its rights to the Property unless an appropriate petition is timely filed in the ancillary proceeding pursuant to the Forfeiture Order.

3. The Court finds, in light of recent developments and the preliminary forfeiture of its sole asset, that Harris-Peters is in "imminent danger of insolvency" and therefore a receiver is appropriate pursuant to N.C. Gen. Stat. §§ 1–502(4) and 1–507.1 to take protective action.

4. Further, the Court finds that Harris-Peters, LLC's needs a receiver to ensure that certain critical functions are fulfilled, such as paying taxes on the

3

Property, filing annual reports for Harris-Peters, LLC, physically securing the Property, preparing and filing tax returns, and mitigating risks and harms to the company.

5. "Courts of equity have original power to appoint receivers and to make such orders and decrees with respect to the discharge of their trust as justice and equity may require." *Bandy v. Gibson*, 2017 NCBC LEXIS 57, at *7 (N.C. Super. Ct. June 29, 2017) (quoting *Lambeth v. Lambeth*, 249 N.C. 315, 321, 106 S.E.2d 491, 495 (1959)); *Camacho v. McCallum*, 2016 NCBC LEXIS 81, at *31 (Oct. 25, 2016) (("Pursuant to N.C. Gen. Stat. §§ 1–502(4) and 1–507.1, a North Carolina court may appoint a receiver over a foreign LLC's property within North Carolina when the LLC is in imminent danger of insolvency.").

NOW, THEREFORE, based on the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW, and pursuant to N.C.G.S. §§ 1-502(4), 1-507.1, and this Court's inherent common law equitable authority over property within its jurisdiction, it is hereby ORDERED:

1. That the stay of this action is lifted for the limited purpose of the Motion and for administration of the receivership created by this Order. Otherwise, the stay of this action remains in force.

2. That Sharon K. Harris is hereby appointed receiver (the "Receiver") to manage the assets of Harris-Peters, LLC, including but not limited to the Property, (the "Receivership Property") as more specifically set forth in Appendix 1 to this Order (the "Receivership Duties and Powers");

4

3. The Receiver shall not be compensated for her service as Receiver pursuant to this Order;

4. The Receiver shall not be required to post any cash or surety bond to secure her performance as required hereunder;

5. Notwithstanding the foregoing, the Receiver is hereby prohibited from taking any action that would violate or conflict with any provisions of the June 21, 2019 Forfeiture Order (and any subsequent amendments or clarifications to such order) entered by the Honorable James C. Dever in the case of *United States v. Peters*, No. 5-17-CR-411-D, CM/ECF Dkt. No. 57 (E.D.N.C. Jun 21, 2019); and

6. Except as expressly modified above, each party reserves all rights, claims, remedies, and defenses.

This the 1st day of August, 2019.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for Complex Business Cases

# APPENDIX 1: RECEIVER DUTIES AND POWERS

1. <u>Duties</u>.

   (a) <u>Acceptance of receivership</u>. The Receiver will file an Acceptance of Receivership within five business days of his or her acceptance of his appointment. The acceptance will be served on all counsel and certify that the receiver will: (1) act in conformity with North Carolina law and rules and orders of the Court; (2) avoid conflicts of interest; (3) not directly or indirectly pay or accept anything of value from the receivership estate that has not been disclosed and approved by the Court; (4) not directly or indirectly purchase, acquire, or accept any interest in the Receivership Property of the receivership estate without full disclosure and approval by the Court; and (5) otherwise act in the best interests of the receivership estate.

   (b) <u>Periodic reports</u>. The Receiver shall file periodic reports every sixty days that itemize all receipts, disbursements, and distributions of money and property of the receivership estate.

   (c) <u>Final report</u>. Before the receiver's discharge, the Receiver shall file a final written report and final accounting of the administration of the receivership estate.

2. <u>Powers</u>.

   The Receiver shall be empowered to take all such actions and exercise all such discretion and authority as may be necessary or desirable in connection with the ongoing operation, maintenance, management, protection and preservation of the Receivership Property in the ordinary course of business or conduct of this litigation. Without limiting any of the general or specific powers granted herein, the Receiver is hereby vested with all of the powers, rights, and duties provided to receivers under applicable law, including, without limitation, N.C. Gen. Stat. § 1-507.2.

   For the avoidance of doubt, such powers shall include, without limitation, the power and authority:

   (a)   to take immediate possession of the receivership assets, including any books and records related thereto;

   (b)   to dispose of all or any part of the assets of the receivership estate wherever located if authorized by the Court;

   (c)   to sue for and collect all debts, demands, and rents of the receivership estate;

   (d)   to compromise or settle claims by or against the receivership estate;

(e) to enter into such contracts as are necessary for the management, security, insuring, and/or liquidation of the receivership estate;

(f) to employ, discharge, and fix the compensation and conditions for such agents, contractors, and employees as are necessary to assist the receiver in managing, securing, and liquidating the receivership estate; and

(g) to take actions that are reasonably necessary to administer, protect, and/or liquidate the receivership estate.

Notwithstanding the foregoing, the Receiver is hereby prohibited from taking any action that would violate or conflict with any provisions of the June 21, 2019 Forfeiture Order (and any subsequent amendments or clarifications to such order) entered by the Honorable James C. Dever in the case of *United States v. Peters*, No. 5-17-CR-411-D, CM/ECF Dkt. No. 57 (E.D.N.C. Jun 21, 2019)