IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:17-CR-00411-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AS TO |
| v. ) | PETITIONER TRIANGLE |
| ) | LAND CONSERVANCY |
| STEPHEN CONDON PETERS ) | |

On or about June 21, 2019, based upon a special jury verdict, the Court entered a Preliminary Order of Forfeiture in this matter preliminarily forfeiting various real and personal property representing the proceeds of a criminal fraud scheme executed by the defendant Stephen Condon Peters. [D.E. 115.] Among the properties included in the Preliminary Order of Forfeiture is an approximately 93-acre tract of real property, together with buildings and fixtures, located at 5237 Theys Road, Raleigh, North Carolina (the "Theys Road Property"), titled in the name of Harris-Peters, LLC, and specifically described in a deed of trust recorded in Wake County, North Carolina, on June 25, 2014, Book 015700, Page 01203-01213. [D.E. 115, at 2.]

On August 2, 2019, Petitioner Triangle Land Conservancy ("TLC"), through counsel, filed a Notice of Interest and Petition for Relief requesting the amendment of the Preliminary Order of Forfeiture to recognize TLC's property interest in the Theys Road Property. [D.E. 128.] TLC's petition was based on a Conservation Easement and Grant of Development Rights, as amended, which applies to the entirety of the Theys Road Property (the "Conservation Easement"). [D.E. 128.] The

terms of the Conservation Easement are described in the document creating the Conservation Easement, which is recorded in the Wake County Registry at Book 008497, Pages 00938 – 00954, and in an amendment to the Conservation Easement, recorded in the Wake County Registry at Book 0015450, Pages 02700 – 02706. [D.E. 128.]

The Parties have informed the Court of the following:

A. They have settled the litigation in this matter pursuant to a written settlement agreement.

B. Pursuant to the settlement agreement, the United States recognizes TLC's Conservation Easement in the Theys Road Property.

C. Solely to facilitate the forfeiture of the interest of the criminal defendant, Stephen Condon Peters, in the Theys Road Property in response to the request of the United States, and in the interests of justice, TLC has agreed to amend the terms of the Conservation Easement to allow the Theys Road Property to be subdivided into two tracts that may be separately owned. The remaining terms of the Conservation Easement will remain operative on both tracts and no further subdivision of the two tracts is allowed.

D. Pursuant to the settlement agreement, any final order of forfeiture with respect to any interest in the Theys Road Property will be subject to TLC's Conservation Easement as amended.

2

## ORDER

In view of the foregoing, and based on the consent of the United States and Petitioner TLC as reflected below, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. In accordance with Rule 32.2(c) of the Federal Rules of Criminal Procedure, the Notice of Interest and Petition for Relief filed by TLC is granted with respect to the Theys Road Property.

2. TLC shall execute the attached Second Amendment to Conservation Easement and Grant of Development Rights attached hereto as **Exhibit A** and take all steps reasonable and necessary to record or otherwise effectuate said amendment.

3. Any Final Order of Forfeiture entered in this case with respect to any interest in any portion of the Theys Road Property shall be subject to TLC's Conservation Easement as amended.

4. The United States shall pay the sum of $15,000 to TLC from the proceeds of the sale of any interest in the Theys Road Property the United States obtains in this criminal forfeiture matter, which sum represents attorneys' fees incurred by TLC in connection with this matter. Each party shall otherwise bear its own attorneys' fees, costs, and expenses in this litigation.

SO ORDERED this 10 day of August, 2021.

                                               _____
                                               JAMES C. DEVER, III
                                               United States District Judge

CONSENTED TO BY:

8/7/21
DATE

                                               JOHN E. HARRIS
                                               Assistant United States Attorney
                                               Eastern District of North Carolina
                                               Attorney for the United States of America

August 9, 2021
DATE

                                               MICHAEL T. MEDFORD
                                               Manning Fulton & Skinner P.A.
                                               3605 Glenwood Avenue, Suite 500
                                               Raleigh, NC 27619
                                               Attorney for Triangle Land Conservancy

**Prepared by and Return to:**
Brooks, Pierce, McLendon,
  Humphrey & Leonard, L.L.P.
Post Office Box 1800
Raleigh, North Carolina 27602
Attn: Walter L. Tippett, Jr.

**NORTH CAROLINA**

**WAKE COUNTY**

## SECOND AMENDMENT TO
## CONSERVATION EASEMENT
## AND GRANT OF DEVELOPMENT RIGHTS

THIS SECOND AMENDMENT TO CONSERVATION EASEMENT AND GRANT OF DEVELOPMENT RIGHTS (this "**Second Amendment**"), made this ____ of _____, 2020, by and between **Harris-Peters, LLC**, a South Dakota limited liability company ("**Grantor**"), whose address is 5236 Theys Road, Raleigh, North Carolina 27606, and **Triangle Land Conservancy**, a North Carolina non-profit corporation ("**Grantee**"), whose address is 514 South Duke Street, Durham, North Carolina 27701. The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors and assigns, and shall include singular, plural, masculine, feminine or neutral pronouns as required by context.

### RECITALS

A. John C. Theys and wife, Georgia C. Theys, as grantor ("**Original Grantor**"), and Grantee entered into that certain Conservation Easement and Grant of Development Rights dated January 5, 2000, and recorded in Book 8497, Page 938, Wake County Registry (the "**Easement**"), in which Original Grantor conveyed to Grantee a conservation easement in and affecting ninety-four (94) acres, more or less, of a tract or parcel of land located in Wake County, North Carolina (the "**Property**").

B. The Property was conveyed to Grantor by General Warranty Deed dated September 7, 2012, and recorded in Book 14925, Page 2414, Wake County Registry, subject to the terms and conditions of the Easement.

C. The Property was subdivided into two (2) lots as evidenced by plat recorded in Book of Maps 2013, Page 298, Wake County Registry (the "**Subdivision**").

D. Grantor and Grantee entered into that certain Amendment to Conservation Easement and Grant of Development Rights dated July 8, 2013, and recorded in Book 15450,

- 1 -

Page 2700, Wake County Registry (the "**First Amendment**", together with the Easement, hereinafter collectively referred to as the "**Conservation Easement**"), wherein Grantor and Grantee amended Section 6 of the Easement in order to allow and approve the Subdivision subject to the restriction that title to the resulting two (2) lots must be owned by one (1) owner (the "**Restriction**").

E. On or about June 21, 2019, based upon a special jury verdict, the United States District Court for the Eastern District of North Carolina entered a Preliminary Order of Forfeiture in the criminal matter of *United States v. Stephen Condon Peters*, No. 5:17-CR-00411-D, which preliminarily forfeited the Property to the United States, subject to third-party claims. Grantee filed a petition asserting an interest in the Property based upon the Conservation Easement. Upon the request of the United States, in the interests of justice, and solely to facilitate the forfeiture of the interest of the criminal defendant, Stephen Condon Peters, in the Property, Grantee and Grantor have agreed to remove the Restriction and to amend the terms of the Conservation Easement while continuing and preserving the conservation purposes as provided in the Conservation Easement.

**NOW THEREFORE**, in consideration of the premises and covenants set forth herein and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Section 6 of the Conservation Easement as set forth in the First Amendment is amended as follows:

    (a) The following phrase is deleted in its entirety from Section 6 - "*; provided, however, that the resulting lots must remain in one ownership, such that the Property remains in one unified ownership as the parties originally intended.*"

    (b) The following sentence is added to the end of Section 6 – "*For the avoidance of doubt, there is no unified ownership requirement with respect to the two tracts set forth on **Exhibit "E"**, and title to such tracts may be held and conveyed in the name of separate entities or individuals.*"

2. Except as modified by this Second Amendment, the Conservation Easement shall remain in full force and effect and be unchanged.

3. Sharon K. Harris executes and delivers this Second Amendment on behalf of Grantor in her capacity as Receiver pursuant to that certain "*Order Lifting Stay for a Limited Purpose and Granting Plaintiffs' Renewed Emergency Motion for the Appointment of a Receiver*" entered and filed on August 1, 2019 in Wake County Superior Court, File 18-CVS-1646.

*Signatures on Following Pages*

4837-2891-5624

**IN WITNESS WHEREOF**, Grantor, by authority duly given, has executed this Second Amendment effective as of the day and year first written above.

                            **GRANTOR:**

                            HARRIS-PETERS, LLC,
                            a South Dakota limited liability company

                            By:_____
                                    Sharon K. Harris, Receiver

STATE OF NORTH CAROLINA

COUNTY OF WAKE

I certify that the following person personally appeared before me this day and acknowledged to me that she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: Sharon K. Harris.

This the _____ day of _____, 2020.

                                                  _____
                                                  Official Signature of Notary

                                                  _____
                                                  Notary's printed or typed name

My commission expires:_____

(Official Notary Seal)

4837-2891-5624

**IN WITNESS WHEREOF**, Grantee, by authority duly given, has executed this Second Amendment effective as of the day and year first written above.

        **GRANTEE:**

        TRIANGLE LAND CONSERVANCY,
        a North Carolina non-profit corporation

        By:_____

        Name:_____

        Title:_____

STATE OF _____

COUNTY OF _____

    I certify that the following person personally appeared before me this day and acknowledged to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:_____.

    This the _____ day of _____, 2020.

                                                                      _____
                                                                      Official Signature of Notary

                                                                    _____
                                                                    Notary's printed or typed name

My commission expires:_____

(Official Notary Seal)

- 4 -

4837-2891-5624