IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:17-CR-00411-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CONSENT ORDER** |
| | ) | |
| STEPHEN CONDON PETERS | ) | |

By signing below, the undersigned parties have consented to the entry of this Order and have informed the Court of the following:

A.  On or about June 6, 2019, after a trial, a jury returned a verdict of guilty against Stephen Condon Peters on twenty criminal counts related to an investment-advisor fraud scheme and associated crimes.

B.  On the same date, the jury returned a special verdict form finding numerous items of real and personal property to be, among other things, proceeds traceable to Peters' fraud offenses.

C.  On June 21, 2020, based upon the special jury verdict, the United States District Court for the Eastern District of North Carolina entered a Preliminary Order of Forfeiture forfeiting the real and personal property found by the jury to represent fraud proceeds.

D.  Among the properties included in the Preliminary Order of Forfeiture are (1) an approximately 93-acre tract of real property, together with buildings and fixtures, located at 5237 Theys Road, Raleigh, North Carolina (the "Theys Road Real

Property"), titled in the name of Harris-Peters, LLC, and specifically described in a deed of trust recorded in Wake County, North Carolina, on June 25, 2014, Book 015700, Page 01203-01213; and (2) the ownership interest of 65% in Harris-Peters, LLC, held by Mea Cor Et Spero Trust with Amy Peters as the grantor (the "65% LLC Interest").

E. The Wake County Department of Tax Administration has filed a claim and petition with respect to the property based upon a tax lien related to outstanding property taxes due and owing with respect to the real estate and personal property.

F. Eric and Sharon Harris, through one or more entities, claim an interest in the Theys Road Real Property.

G. First, the Harrises own a 35% interest in Harris-Peters, LLC as joint tenants with right of survivorship. Harris-Peters, LLC owns title to the Theys Road Real Property. Consistent with the Harris-Peters, LLC operating agreement, the defendant previously resided on and controlled an approximately 69-acre portion of the Theys Road Real Property (the "Peters Portion") and the Harrises reside on and control an approximately 23-acre portion of the Theys Road Real Property (the "Harris Portion").

H. Second, the Harrises are the sole members of Distressed Asset Solutions, LLC ("DAS"), and Sharon Harris is its sole manager. DAS holds a security interest in the Theys Road Real Property by virtue of a Deed of Trust assigned to DAS

2

by BB&T bank. The Deed of Trust secures debt owed by Peters. Principal, interest, and recoverable expenses due on the debt as of November 1, 2021 total $686,147.73.

I.  On July 19, 2019, DAS filed a claim to the Theys Road Real Property and requested that the Court amend the Preliminary Order of Forfeiture with respect to the Theys Road Real Property to reflect that the Government's interest in the Theys Road Real Property, if any, was subject to DAS's security interest therein. [D.E. 123.]

J.  The same day, the Harrises, individually and derivatively on behalf of Harris-Peters, LLC, filed a claim to the Theys Road Real Property and requested that the Court set aside the forfeiture of the Theys Road Real Property on the grounds that Harris-Peters, LLC's interest in the Theys Road Real Property was superior to the defendant's, or, alternatively, that the Harrises individually possessed an interest in the Theys Road Real Property that was superior to the defendant's. [D.E. 124.]

K.  Sharon Harris was subsequently appointed receiver of Harris-Peters, LLC by the North Carolina Business Court, and thereafter filed another petition on behalf of Harris-Peters, LLC, again claiming a superior interest in the Theys Road Real Property. [D.E. 129.]

L.  On August 2, 2019, Petitioner Triangle Land Conservancy ("TLC"), through counsel, filed a Notice of Interest and Petition for Relief requesting the amendment of the Preliminary Order of Forfeiture to recognize TLC's interest in the

3

Case 5:17-cr-00411-D   Document 302   Filed 11/17/21   Page 3 of 11

Theys Road Real Property, which derives from a conservation easement on the Theys Road Real Property ("Conservation Easement").

M.  The terms of the Conservation Easement held by TLC are described in the document creating the Conservation Easement, which is recorded in the Wake County Registry at Book 008497, Pages 00938 – 00954, and in an amendment to the Conservation Easement, recorded in the Wake County Registry at Book 0015450, Pages 02700 – 02706.

N.  The terms of the Conservation Easement apply to the entirety of the Theys Road Real Property.

O.  Section 6 of the Conservation Easement, as amended, stated as follows:

> The subdivision of the [Theys Road] Property, whether by physical or legal process, is prohibited. Notwithstanding the foregoing, the Property may be subdivided into two tracts as set forth on Exhibit "E", attached hereto and incorporated herein, if such subdivision is required by law for Grantor to exercise its rights to construct an additional house as set forth in paragraph 5(b); provided, however, that the resulting lots must remain in one ownership, such that the Property remains in one unified ownership as the parties originally intended. . . .

P.  The foregoing amendment was required by a local governmental agency in order to effectuate the original intent and purposes of the Grant of the Easement.

Q.  Because of this "unified ownership" requirement, any forfeiture of the Theys Road Real Property by the United States consistent with the terms of the current easement would have required the forfeiture and sale of the entirety of the Theys Road Real Property, which could diminish the conservation purposes of the Conservation Easement.

4

R.  On or about August 10, 2021, the Court entered a Consent Order resolving TLC's petition and, with TLC's consent, directed TLC to execute a "Second Amendment to Conservation Easement and Grant of Development Rights" (the "Second Amendment"). The Second Amendment removes the unified ownership requirement such that the Harris Portion and Peters Portion of the Theys Road Real Property may be separately owned, while otherwise maintaining the provisions of the Conservation Easement as amended. The Second Amendment was recorded on November 10, 2021. The Consent Order required any final order of forfeiture with respect to any portion of the Theys Road Real Property to be subject to TLC's conservation easement as amended by the Second Amendment.

S.  On or about November 15, 2021, the Court entered a Final Order of Forfeiture as to 65% Interest in Harris-Peters, LLC, which forfeited the 65% LLC Interest to the United States and authorized the United States to exercise all rights associated therewith in accordance with law.

### ORDER

In view of the foregoing, and based on the consent of the United States and Petitioners Eric Harris, Sharon Harris, Harris-Peters, LLC, DAS, and the Wake County Department of Tax Administration as reflected below, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

5

1. In accordance with Rule 32.2(c) of the Federal Rules of Criminal Procedure, the individual claims and petitions of Sharon K. Harris and Eric W. Harris [D.E. 124] are dismissed.

2. In accordance with Rule 32.2(c) of the Federal Rules of Criminal Procedure, the claim and petition of Harris-Peters, LLC, whether brought derivatively by Sharon K. Harris and Eric W. Harris [D.E. 124] or brought by Sharon K. Harris in her capacity as receiver [D.E. 129], are granted in part in accordance with this Order.

3. In accordance with Rule 32.2(c) of the Federal Rules of Criminal Procedure, the claim and petition of DAS [D.E. 123] are granted in part in accordance with the terms of this Order.

4. In accordance with Rule 32.2(c) of the Federal Rules of Criminal Procedure, the claim and petition of the Wake County Department of Tax Administration [D.E. 133] is granted in part in accordance with the terms of this Order.

5. As it relates to the Theys Road Real Property, the Preliminary Order of Forfeiture is hereby amended in accordance with the terms of this Order, and the Government will not otherwise seek a final order of forfeiture against the Theys Road Real Property.

6. Harris-Peters, LLC shall promptly take all steps reasonable and necessary to effectuate an in-kind distribution of the assets of Harris-Peters, LLC as follows:

    a. Harris-Peters, LLC shall grant the United States all right, title, and interest in the approximately 69.522-acre real property denoted as "Parcel A: Peters Family" on the survey set forth in D.E. 129-1 (the "Peters Portion"), subject to the terms of the Conservation Easement, as amended by the Second Amendment.

    b. Harris-Peters, LLC shall grant the Harrises all right, title, and interest in the approximately 23.104 acre real property denoted as "Parcel B: Harris Family" on the survey set forth in D.E. 129-1, subject to the terms of the Conservation Easement, as amended by the Second Amendment.

7. Upon obtaining title to the Peters Portion, the United States shall dispose of the Peters Portion in accordance with law.

8. Upon the closing of the sale of the Peters Portion, the United States shall pay from the Peters Portion's "Net Sale Proceeds," as that term is defined below, the amounts set forth below.

9. The "Net Sale Proceeds" of the Peters Portion shall be calculated as the gross sales proceeds that the United States realizes from the sale of the Peters Portion, less the following amounts that the United States pays, in the following

7

priority, to the extent that sufficient gross sales proceeds are available to pay these amounts:

    a. First, to the United States Marshals Service (USMS) for the payment of any and all costs and expenses incurred by the USMS in connection with the seizure, maintenance, forfeiture, marketing and any and all costs of sale, including real estate commissions, escrow fees, document recording fees not paid by the buyer, title fees, insurance costs, if any; and transfer taxes;

    b. Second, to the Wake County Department of Tax Administration for all unpaid real property taxes due and owing up to the date of the entry of this Order and all other unpaid property taxes due and owing to the Wake County Department of Tax Administration necessary to discharge any tax lien on any portion of the Theys Road Real Property; provided, however, that the United States shall not be liable for the payment of any further state or local property taxes from the date of the entry of this Order;

    c. Third, to the Triangle Land Conservancy in the amount of $15,000;

    d. Fourth, to DAS in the amount of $686,147.73; and

    e. Finally, any remaining balance shall be treated as net proceeds from the disposition of the 65% LLC Interest, shall be forfeited to the United States in accordance with this Court's Final Order of

8

Forfeiture as to the 65% Interest in Harris-Peters, LLC, and shall be disposed of in accordance with said order by depositing them into the Department of Justice's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

10. In the event that the Net Sale Proceeds are not sufficient to pay the total taxes due to Wake County or the sums due to DAS, the payment of available "Net Sale Proceeds," as calculated above, shall constitute full satisfaction of Wake County and DAS's claim(s), if any. In other words, in no event shall the United States be obligated to pay Wake County or DAS any amount in excess of the Net Sale Proceeds.

11. The payments to Wake County and to DAS as set forth above shall be in full settlement and satisfaction of any and all claims that Wake County or DAS have or might have arising from and relating to the seizure, forfeiture, and sale of the Peters Portion.

12. At the closing of the sale of the Peters Portion, Wake County shall deliver in proper form to the closing agent an appropriate tax certification providing that there are no outstanding tax liens for prior tax years against the Peters Portion in order to permit the sale of the Peters Portion to close. In the event that the Net Sale Proceeds are not sufficient to pay Wake County the entire amount of the taxes due on the Theys Road Real Property, Wake County shall nonetheless release its lien to allow the closing of the sale of the Peters Portion. Any failure by Wake County to

release its property tax liens to allow the closing of the sale of the Peters Portion shall be considered a violation of this Order.

13. Upon satisfaction of DAS's claim as set forth herein, DAS shall take all action reasonable and necessary to release its lien on the Theys Road Real Property, including, as necessary, recording a Notice of Satisfaction and/or a cancellation of its Deed of Trust.

14. Nothing in this Order shall be construed to eliminate or modify TLC's interest in the Conservation Easement, as amended, or the terms thereof.

15. Each party shall bear its own costs, expenses, and attorney's fees in this litigation.

16. The Court shall retain jurisdiction for the purpose of enforcing the terms of this order.

SO ORDERED this 17 day of November, 2021.

JAMES C. DEVER III
United States District Judge

*[Party Signatures on Following Page]*

CONSENTED TO BY:

*signature*

JOHN E. HARRIS
Assistant United States Attorney
Attorney for United States of America

---

*signature*

KENNETH R. MURPHY, III
Deputy County Attorney
Attorney for Wake County Department of Tax Administration

*signature*

WALTER L. TIPPETT, JR.
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Attorney for the Eric Harris, Sharon Harris, Harris-Peters, LLC, and Distressed Asset Solutions, LLC